IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNELL STITH, | * | |
| Petitioner, | * | Civil No. RDB-11-1125 |
| v. | * | Criminal No. RDB-08-0565 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The *pro se* petitioner Kennell Stith ("Petitioner") has filed the pending Motion to Vacate, Set Aside, or Correct Sentence (the "Motion") pursuant to 28 U.S.C. § 2255. (ECF No. 259). Petitioner entered a plea of guilty to one count of conspiracy to obstruct commerce by robbery in violation of 18 U.S.C. § 1951, the Hobbs Act, relating to a home invasion that occurred in Cumberland, Maryland. That guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the Petitioner and the Government agreeing upon a 120 month sentence. Petitioner now challenges this 120 month sentence, imposed by this Court on June 24, 2010, on the ground that he received ineffective assistance of counsel. Specifically, Petitioner alleges that his attorney ("Counsel") (1) failed to either object to Petitioner's sentence or withdraw Petitioner's guilty plea upon learning that Petitioner's plea was entered unknowingly, (2) failed to object to this Court's omission to give proper notice before departing upward from Petitioner's advisory guideline range, and (3) failed to file an appeal. This Court has reviewed the Motion and the Government's Response in Opposition thereto, (ECF No. 265) and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons,

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant 28 U.S.C. § 2255 (ECF No. 259) is DENIED.

## BACKGROUND

In the plea agreement, Petitioner stipulated that he informed three individuals, Ray Banks ("Banks"), Danny Jones ("Jones"), and Corey Adams ("Adams"), that an acquaintance of his, Samuel Butler ("Butler") of Cumberland, Maryland, had a significant amount of drugs and money in his residence. Plea Agreement, Attach. A, ECF No. 218. Petitioner told the three men that they could use his gun in a home invasion and robbery of Butler and instructed them where to retrieve the gun. *Id*. On June 25, 2008, Banks and Jones, both armed, went into Butler's residence while Adams acted as a lookout. *Id.* While in the residence, Banks and Jones held two individuals at gunpoint, searched the building, stole cocaine and money, and beat and "pistol-whipp[ed]" Butler. *Id*. Butler then retrieved a handgun, fired at the men, and hit Jones. *Id.* After Jones was shot, the three men fled the residence in a white Honda, in which they were later arrested. *Id.*

A bullet fragment was recovered from Jones that matched Butler's Smith & Wesson handgun and a search of Banks revealed cocaine and currency taken from Butler's home. *Id.* Police officers also observed a ski mask in plain view of the car, which was identified by Butler as a mask worn by Jones during the home invasion and robbery. *Id.* Petitioner was later indicted on eight counts by a federal grand jury. Second Superseding Indictment, Nov. 17, 2009, ECF No. 131.

On March 29, 2010, Petitioner accepted the plea agreement offered by the Government and agreed to plead guilty to Count One of the Second Superseding Indictment, which charged him with conspiracy to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951. Plea

Agreement 1, ECF No. 218.  In accepting the plea agreement, Petitioner agreed that a 120-month sentence was the appropriate disposition of this case.  *Id.* at 4.  Count One carries with it a maximum sentence of 240 months. Under the Federal Sentencing Guidelines, however, Petitioner's nine criminal history points placed him in a criminal history category of IV, which carries an advisory guideline range of 92 to 115 months.  Rearraignment Tr. 12, ECF No. 260.  Petitioner claims Counsel informed him that he had a criminal history category of V and an advisory guideline range of 110 to 137 months.  Pet'r's Mot. 4, ECF No. 259.

On June 24, 2010, consistent with the plea agreement, this Court sentenced Petitioner to the agreed 120 months imprisonment, which was five months above the advisory guideline range, and dismissed the remaining counts of the Second Superseding Indictment.[1]  The Government and the defendant waived their rights to appeal that agreed sentence. Rearraignment Tr. 20, 22, ECF No. 260.  Counsel did not object to the sentence or withdraw Petitioner's guilty plea when this Court imposed the previously agreed upon sentence.  *Id.*

On April 29, 2011, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence in which he asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment for three reasons.  Pet'r's Mot. 4, ECF No. 259.  First, Petitioner alleges that Counsel should have either objected to this Court's sentence or withdrawn the plea. Since Counsel knew Petitioner relied on Counsel's erroneously calculated advisory guideline range in accepting the plea agreement, Counsel also knew the guilty plea was entered unknowingly.  *Id.* Secondly, Petitioner maintains that Counsel performed deficiently in failing to object when this Court did not give proper notice before departing upward from the advisory guideline range.  *Id.*

---

[1] Among the charges dismissed was possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), which carried a potential 84-month consecutive sentence. Rearraignment Tr. 13, ECF No. 260.

at 5. Lastly, Petitioner claims that Counsel's failure to file an appeal rendered him constitutionally ineffective. *Id.* at 4.

## STANDARD OF REVIEW

Where a petitioner proceeds without counsel, his filing is to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See* Pet'r's Mot. 1, ECF No. 259.

The right to effective assistance of counsel, which applies during plea negotiations and the ensuing plea entry, is governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The first prong, the performance inquiry, requires a petitioner to show counsel's performance was so deficient that it fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 686-87. Judicial scrutiny assessing the reasonableness of counsel's performance is made with a "strong presumption" that counsel's actions fell within a "wide range of reasonable professional assistance." *Id.* at 689. Under the second prong, the prejudice inquiry, a petitioner must show he was prejudiced by counsel's deficient performance by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

In the context of guilty pleas, satisfying the prejudice inquiry is slightly more difficult as the petitioner must show that, absent counsel's errors, there is a reasonable probability that the petitioner "would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill*, 474 U.S. at 59). If it is clear a petitioner suffered no prejudice, a determination need not be made concerning the attorney's performance. *Strickland*, 466 U.S. at 694.

ANALYSIS

I. **Failure to Object to Petitioner's Sentence or Withdraw Petitioner's Guilty Plea**

Petitioner first contends Counsel was deficient in failing to either object to the above advisory guideline sentence imposed by this Court or withdraw Petitioner's guilty plea. Pet'r's Mot. 4, ECF No. 259. Petitioner reasons that his reliance on Counsel's erroneous calculation of the sentencing guidelines rendered his acceptance of the plea agreement involuntary and unknowing. Because Counsel knew Petitioner entered the plea agreement involuntarily and unknowingly, Petitioner argues Counsel had a duty to object to the sentence above the advisory guideline range or withdraw Petitioner's guilty plea. *Id.* However, any alleged misstatements made by Counsel and Counsel's omission to either object to Petitioner's sentence or withdraw Petitioner's guilty plea clearly did not prejudice Petitioner.

In an attempt to establish prejudice, Petitioner claims that the misinformation received from his attorney caused him to enter a plea agreement unknowingly and receive a sentence longer than he might have otherwise. *Id.* at 5. However, the U.S. Court of Appeals for the Fourth Circuit has consistently held that misinformation regarding sentencing allegedly proffered by one's attorney does not prejudice a defendant if the trial court properly informed the defendant of the potential sentence he faced. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995); *see also United States v. Lambey*, 974 F.3d 1389, 1395 (4th Cir. 1992) (reasoning that "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant"). This Court explicitly informed Petitioner that his advisory guideline range was 92 to 115 months, slightly lower than the agreed

sentence of 120 months.  Rearraignment Tr. 12, ECF No. 260, and confirmed that Petitioner reviewed the presentence report, which contained his advisory guideline range, with Counsel.[2]  *Id.* at 5-6.  Therefore, even if Counsel provided Petitioner with incorrect information, no prejudice resulted.

Moreover, Petitioner's claim fails because he makes no representation that had his attorney correctly informed him of his advisory guideline range, he would have proceeded to trial.  See *Hill*, 474 U.S. at 57 (finding that, in the context of guilty pleas, a defendant must show that there is a reasonable probability that, absent counsel's errors, the defendant would have insisted on going to trial).  In fact, Petitioner's Motion indicates the opposite.  Petitioner recognizes that even if Counsel performed adequately, Petitioner would have sought a new plea agreement rather than going to trial.[3]  Pet'r's Mot. 4-5, ECF No 259.  Additionally, Petitioner has not provided any evidence to suggest, with reasonable likelihood, that the Government would have been willing to negotiate a more favorable plea agreement.  For these reasons, Petitioner has failed to show a reasonable probability that he was prejudiced by defense counsel's deficiency.

---

[2] Excerpt from Examination of the Defendant by the Court at Sentencing:
>   The Court:          Mr. Stith, let me, first of all, verify that you've had an opportunity to review the presentence report with Mr. Mitchell.  Is that correct?
>   The Defendant:      Yes.
>   Mr. Mitchell:       Yes.
>   The Court:          And how many times have you reviewed it with him?
>   The Defendant:      Three
>   The Court:          All right.  And are you satisfied you've had a sufficient amount to go over it with him?
>   The Defendant:      Yes.

Rearraignment Tr. 5-6, ECF No. 260.

[3] In the Motion, Petitioner states, "Counsel failed to even attempt to negotiate, [sic] a new plea agreement within Petitioner's new guideline range" and "absent counsel errors, Petitioner asserts that there is a reasonable probability that he would have received a shorter sentence."  Pet'r's Mot. 4-5, ECF No. 259.

### II. Failure to Object to Lack of Notice before Upward Departure From the Advisory Guideline Range

Petitioner next contends that Counsel failed to object to this Court's lack of notice before its upward departure from the advisory guideline range. Pet'r's Mot. 5, ECF No. 259. Petitioner relies on *Burns v. United States*, 501 U.S. 129, 135 (1991), which stands for the proposition that a district court must give notice to a defendant before it departs upward from the sentencing guidelines *sua sponte*, that is, "on its own initiative and contrary to the expectations of both [parties]." In this case, the parties agreed to the sentence of 120 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and therefore this Court's departure was not *sua sponte*. Thus, Counsel cannot be deemed deficient for failing to object to this Court's lack of notice, because it did not need to give notice in the first place. *Irizarry v. United States*, 553 U.S. 708, 714-15 (2008).

### III. Failure to File an Appeal

Lastly, Petitioner alleges Counsel was deficient for failing to file an appeal. Pet'r's Mot. 4, ECF No 259. Courts recognize that a guilty plea combined with an appeal waiver is not an absolute foreclosure on defense counsel's appellate responsibilities. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) (finding an attorney's assistance ineffective for failing to file an appeal per his clients request, even though the client already waived his right to an appeal). Nevertheless, it does make it more challenging for a defendant to prevail on an ineffective assistance of counsel claim for failure to file an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Moreover, it is increasingly difficult to find an attorney constitutionally deficient for failing to file notice of an appeal where counsel advised the defendant of the sentence to be received if the defendant were to plead guilty; the defendant indicated satisfaction, pled guilty and received the expected sentence; and the court advised the

defendant of his appellate rights. *Id.* at 479.

Consequently, Counsel cannot be deemed deficient for failing to file an appeal. Petitioner does not allege any facts to suggest he reasonably indicated to his defense counsel that he wished to appeal, nor does he allege any facts in his Motion to suggest that a rational defendant would want to file a notice of appeal. *See id.* at 478-480 (holding, absent specific instruction from defendant regarding his appellate wishes, that counsel only "has a constitutionally imposed duty" to file a notice of appeal if the defendant reasonable demonstrated he was interested in an appeal, or there is reason to think a rationale defendant would want an appeal). In addition, Petitioner cannot show prejudice as he does not allege that, "but for counsel's ineffectiveness, an appeal would have been filed." *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 259) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because

reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

    A separate Order follows.

Dated:      October 18, 2012

                                    /s/
                                    Richard D. Bennett
                                    United States District Judge